GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

JASON CROWLEY
Assistant U.S. Attorney
Arizona State Bar No. 025427
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Jason.Crowley@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
RECEIVED ___ COPY

NOV 1 7 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Jerrcytana Woolboy,<br><br>                    Defendant. | No. CR-21-08074-PCT-MTL<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and Defendant, Jerrcytana Woolboy, hereby agree to dispose of this matter on the following terms and conditions:

## 1.    PLEA

Defendant will plead guilty to Count 3 of the Indictment, CIR-Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6), a Class C felony offense.

## 2.    MAXIMUM PENALTIES

a.    A violation of 18 U.S.C. § 113(a)(6) is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 10 years, or both, and a term of supervised release of up to three years.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)    pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.    AGREEMENTS REGARDING SENTENCING**

a.    <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulate that Defendant shall be sentenced to a term of imprisonment, not to exceed 10 years.

b.    Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

c.    Restitution. Pursuant to 18 U.S.C. § 3663, 3663A and/or 2248, the defendant specifically agrees to pay full restitution to all victims in an amount to be determined by the court, but in no event, more than $100,000.00 per victim. "Victims" include persons or entities directly or proximately harmed by defendant's "relevant conduct" including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G.

§1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663, 3663(A) or 2248. Pursuant to 18 U.S.C. §§ 3663 and 3664(j)(1), "victims" also include persons or entities (whether private or government: state, federal or tribal) that have paid or costs related to defendant's conduct, including insurance providers and health care providers (including those such as Medicaid, Medicare and AHCCCS). Even if the victim did not suffer physical injury, the defendant expressly agrees to pay restitution for expenditures and future expenses related to treatment for mental or emotional trauma suffered by the victims. Such expenditures shall include, but are not limited to: mental health treatment and counseling, in-patient treatment, and traditional Native American ceremonies treatment. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

d.     Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be

1  paid over to the Clerk of the Court and applied to the defendant's restitution obligation

2  until restitution to all victims is paid in full.

3       e.    Acceptance of Responsibility.  If the defendant makes full and complete

4  disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

5  commission of the offense, and if the defendant demonstrates an acceptance of

6  responsibility for this offense up to and including the time of sentencing, the United States

7  will recommend a two-level reduction in the applicable Sentencing Guidelines offense

8  level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more,

9  the United States will move for an additional one-level reduction in the applicable

10  Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

11  **4.**    **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

12       a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), at the time of sentencing, the

13  government shall dismiss: Counts 1 and 2 of the Indictment.

14       b.    This agreement does not, in any manner, restrict the actions of the United

15  States in any other district or bind any other United States Attorney's Office.

16  **5.**    **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

17       a.    If the Court, after reviewing this plea agreement, concludes that any

18  provision contained herein is inappropriate, it may reject the plea agreement and give the

19  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

20  11(c)(5).

21       b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

22  vacated, or reversed at any time, this agreement shall be null and void, the United States

23  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

24  any charges that have been dismissed because of this plea agreement shall automatically

25  be reinstated.  In such event, the defendant waives any and all objections, motions, and

26  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

27  restrictions in bringing later charges or proceedings.  The defendant understands that any

28  statements made at the time of the defendant's change of plea or sentencing may be used

- 4 -

1    against the defendant in any subsequent hearing, trial, or proceeding subject to the

2    limitations of Fed. R. Evid. 410.

3    **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

4           The defendant waives (1) any and all motions, defenses, probable cause

5    determinations, and objections that the defendant could assert to the indictment or

6    information; and (2) any right to file an appeal, any collateral attack, and any other writ or

7    motion that challenges the conviction, an order of restitution or forfeiture, the entry of

8    judgment against the defendant, or any aspect of the defendant's sentence, including the

9    manner in which the sentence is determined, including but not limited to any appeals under

10   18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

11   (habeas petitions), and any right to file a motion for modification of sentence, including

12   under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal,

13   collateral attack, or other motion the defendant might file challenging the conviction, order

14   of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to

15   bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial

16   misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

17   **7.    DISCLOSURE OF INFORMATION**

18          a.    The United States retains the unrestricted right to provide information and

19   make any and all statements it deems appropriate to the U.S. Probation Office and to the

20   Court in connection with the case.

21          b.    Any information, statements, documents, and evidence that the defendant

22   provides to the United States pursuant to this agreement may be used against the defendant

23   at any time.

24          c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such

25   cooperation shall include providing complete and truthful responses to questions posed by

26   the U.S. Probation Office including, but not limited to, questions relating to:

27                (1)    criminal convictions, history of drug abuse, and mental illness; and

28

- 5 -

(2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.     Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

b.     The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s), including the following property:

(1)     Marlin Model 60, .22 caliber rifle, bearing serial number MM18814M.

c.     The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with

- 6 -

the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

d.     Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.  This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

e.     The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment.  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

f.     The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  The defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property.       The       defendant       agrees       to       waive       his/her right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

g.     The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the

- 7 -

1   offense(s).

2       h.     The defendant hereby waives, and agrees to hold the government and its

3   agents and employees harmless from any and all claims whatsoever in connection with the

4   seizure, forfeiture, and disposal of the property described above.  Without limitation, the

5   defendant understands and agrees that by virtue of this plea of guilty, the defendant will

6   waive any rights or cause of action that the defendant might otherwise have had to claim

7   that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees

8   and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. §

9   2465(b)(1).

10  **9.      ELEMENTS**

11                        **Assault Resulting in Serious Bodily Injury**

12          On or about February 14, 2021 in the District of Arizona:

13      1.  Defendant assaulted the victim by intentionally, knowingly, or recklessly

14          striking or wounding him;

15      2.  As a result, the victim suffered serious bodily injury;

16      3.  The offense occurred within the boundaries of an Indian Reservation, Indian

17          Country; and

18      4.  Defendant was an Indian at the time of the crime.  Specifically, the defendant

19          had some quantum of Indian blood and was a member of, or was affiliated with,

20          a federally recognized tribe.

21  **10.     FACTUAL BASIS**

22      a.     Defendant admits that the following facts are true and that if this matter were

23  to proceed to trial the United States could prove the following facts beyond a reasonable

24  doubt:

25          On or about February 14, 2021, within the confines of the Navajo Nation Indian

26  Reservation in the District of Arizona, I, Jerrcytana Woolboy, an Indian, recklessly

27  assaulted the victim, E.B, resulting in serious bodily injury.  Specifically, I fired a .22

28  caliber rifle at a vehicle E.B. occupied. I told law enforcement investigators that the reason

1    I fired the rifle at the vehicle was to shoot out the tire. I knew the vehicle was occupied
2    when I fired the rifle at it. E.B. was struck in the head by the bullet, causing him to suffer
3    serious bodily injury, including partial paralysis and aphasia.

4         The defendant further admits that she was an Indian at the time of this crime.
5    Specifically, the defendant had some quantum of Indian blood and was an enrolled member
6    of a federally recognized tribe.  Specifically, the defendant has Indian blood from the
7    Navajo Nation Indian Tribe and is an enrolled member of that tribe.  The Navajo Nation
8    Indian Tribe is federally recognized.

9         b.     Defendant shall swear under oath to the accuracy of this statement and, if
10   Defendant should be called upon to testify about this matter in the future, any intentional
11   material inconsistencies in Defendant's testimony may subject Defendant to additional
12   penalties for perjury or false swearing, which may be enforced by the United States under
13   this agreement.

14   **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

15        I have read the entire plea agreement with the assistance of my attorney.  I
16   understand each of its provisions and I voluntarily agree to it.

17        I have discussed the case and my constitutional and other rights with my attorney.
18   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,
19   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to
20   present evidence in my defense, to remain silent and refuse to be a witness against myself
21   by asserting my privilege against self-incrimination, all with the assistance of counsel, and
22   to be presumed innocent until proven guilty beyond a reasonable doubt.

23        I agree to enter my guilty plea as indicated above on the terms and conditions set
24   forth in this agreement.

25        I have been advised by my attorney of the nature of the charges to which I am
26   entering my guilty plea.  I have further been advised by my attorney of the nature and range
27   of the possible sentence and that my ultimate sentence shall be determined by the Court
28   after consideration of the advisory Sentencing Guidelines.

1    My guilty plea is not the result of force, threats, assurances, or promises, other than

2    the promises contained in this agreement.  I voluntarily agree to the provisions of this

3    agreement and I agree to be bound according to its provisions.

4    I understand that if I am granted probation or placed on supervised release by the

5    Court, the terms and conditions of such probation/supervised release are subject to

6    modification at any time.  I further understand that if I violate any of the conditions of my

7    probation/supervised release, my probation/supervised release may be revoked and upon

8    such revocation, notwithstanding any other provision of this agreement, I may be required

9    to serve a term of imprisonment or my sentence otherwise may be altered.

10    This written plea agreement, and any written addenda filed as attachments to this

11    plea agreement, contain all the terms and conditions of the plea.   Any additional

12    agreements, if any such agreements exist, shall be recorded in a separate document and

13    may be filed with the Court under seal; accordingly, additional agreements, if any, may not

14    be in the public record.

15    I further agree that promises, including any predictions as to the Sentencing

16    Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

17    (including my attorney) that are not contained within this written plea agreement, are null

18    and void and have no force and effect.

19    I am satisfied that my defense attorney has represented me in a competent manner.

20    I fully understand the terms and conditions of this plea agreement.  I am not now

21    using or under the influence of any drug, medication, liquor, or other intoxicant or

22    depressant that would impair my ability to fully understand the terms and conditions of this

23    plea agreement.

24    10/29/21

25    _____          _____
     Date                                  JERRCYTANA WOOLBOY
26                                          Defendant

27

28

- 10 -

## **APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

_10/24/21_
Date

KAITLIN VERDURA
Attorney for Defendant

//

//

//

- 11 -

1

2                     **APPROVAL OF THE UNITED STATES**

3          I have reviewed this matter and the plea agreement.  I agree on behalf of the United

4    States that the terms and conditions set forth herein are appropriate and are in the best

5    interests of justice.

6                                              GLENN B. McCORMICK
                                               Acting United States Attorney
7                                              District of Arizona

8                                                          Digitally signed by
                                                           JASON CROWLEY
9                                                          Date: 2021.10.20
                                                           15:11:35 -07'00'
     _____                      _____
10   Date                                      JASON CROWLEY
                                               Assistant U.S. Attorney
11

12                       **ACCEPTANCE BY THE COURT**

13

14

15   _____                      _____
     Date                                      THE HONORABLE MICHAEL T. LIBURDI
16                                             United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28